## APRIL TERM, 1848.

## JOHN WILEY, vs. C. H. NICHOLSON.

The Marshal has no power, under a writ of attachment, to enjoin parties not to pay over money to the defendant; and no person is bound to obey such injunction, if there is no power to enjoin given in the writ.

This was an action brought upon an attachment bond, to recover damages. It appeared in evidence, that the defendant in September last procured an attachment to be issued against the plaintiff, giving the bond on which this suit was brought to indemnify the plaintiff against all wrong injury. The Marshal, agreeable to the advice of Nicholson's attorney, proceeded in virtue of the attachment to enjoin Henry Macfarlane, who was owing Wiley two hundred dollars, not to pay over the money to Wiley, and accordingly it was not paid. But the Marshal finding no property to attach, made return to that effect, and Nicholson discontinued further proceedings on the attachment. The plaintiff offered evidence to show that by the enjoining of the money in the hands of Macfarlane, his business (that of house-building) had been broken up, and that thereby he had suffered damage to a heavy amount. The defence offered was, that the Marshal had no authority, under a writ of attachment, to enjoin persons not to pay over money, there being no command in the writ to that effect —that the defendant could not be made liable for damages caused by the Marshal's exceeding his authority, even though he did so under the direction of Nicholson's counsel. The defendant endeavored to show that Wiley had suffered no damage whatever, and that Macfarlane in reality owed him nothing at the time of the Marshal's injunction. The defence then offered in evidence a set-off to plaintiff's claim, which consisted of a judgment which George Pelly had recovered against the defendant in May last, on a promissory note which Wiley had endorsed to Pelly after Nicholson had once paid it. The note was originally given by Nicholson to Wiley and then paid by Nicholson before it was due, but he failing to take it up, Wiley passed it to Pelly before it matured, and he recovered the judgment upon it which was offered as a set-off. The judgment was for $615 77, and the defendant claimed a verdict to this amount. There was a discrepancy in the date of the note paid by Nicholson and the one that Pelly recovered judgment on.

The Court ruled that under a writ of attachment the Marshal had no authority to enjoin persons not to pay over money to the defendant, and that no person would be bound to obey such injunction if there was no power to enjoin given in the writ. That the defendant in this case could not be held liable for damages if there was no property attached.

The jury returned a verdict for the plaintiff for $400, one juror dissenting.

Mr. Jasper for the plaintiff.

Mr. DeFiennes and Mr. Hawes for defendant.

The counsel for the defendant immediately on the rendition of the verdict, gave notice of motion to set aside the verdict, and for the

granting of a new trial, on the ground that the verdict was contrary to evidence and the ruling of the Court.

August 28th, 1848.

Both parties being present agreeably to notice served on them, the Court made the following decision in the above cause.

"This is a motion by the defendant Nicholson for a new trial, on the ground that the verdict is expressly against the charge of the Court, and the evidence.

"The practice of granting new trials in civil cases, for the misbehavior or mistake of jurors, the misdirection of the judge, or the improper admission or rejection of evidence, the discovery of new and material evidence, or when the verdict is against law or evidence, and for many other causes, is as salutary as it is ancient and universal.

"In this case the Court are of opinion, that the jury must have fallen into some error respecting the law or the nature and force of the evidence submitted to them, and that innocently too, perhaps from the want of a clear and definite display of the case by the counsel, or from a misunderstanding of the charge of the judge. The verdict is in our opinion opposed to law and evidence, and we therefore grant the motion for a new trial; the costs to abide the event."

The plaintiff subsequently discontinued his suit.